IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY WAYNE HOUSE,

    Petitioner,

v.                                            CASE NO. 4:13-cv-295-WS-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner has flied an amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1972 Franklin County conviction for sexual battery. (Doc. 4.) Now pending before the Court is Respondent's motion to dismiss the amended Petition. (Doc. 8.) Because the Petitioner did not file a response the Court issued an Order to Show Cause. In responding to the Order to Show Cause, Petitioner asked for an extension of time to respond to the motion. The request was granted and Petitioner was given until January 27, 2014 within which to file a response. (Doc. 12.) Despite having been given additional to time to file a response the Petitioner has not done so and the time for filing a response has passed. The motion to dismiss, therefore, is ripe for review. Upon due consideration of the motion to dismiss and the state-court record, the undersigned recommends that the motion to dismiss be granted.[1]

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

**One-Year Limitations Period**

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year period of limitation to seek federal habeas corpus review applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000).

Prisoners like Petitioner whose convictions became final before April 24, 1996, the effective date of the AEDPA, have one year from the effective date of the act to file their habeas action. *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998); *Wilcox v. Fla. Dep't. of Corrections*, 158 F.3d 1209 (11th Cir. 1998). The Eleventh Circuit has clarified that this period does not include the triggering event, and thus, April 24, 1997 is the last possible date a prisoner convicted before the effective date of the AEDPA could timely file a federal habeas action. *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003).

## Discussion

Petitioner's state court procedural history is as follows: Petitioner was convicted of one count of rape without recommendation of mercy in the Circuit Court in and for Franklin County, Florida. (Doc. 4; Ex. B.) After his conviction, under the authority of *Furman v. Georgia*, 408 U.S. 238 (1972), the Florida Supreme Court set aside Petitioner's death sentence and remanded the case to the Circuit Court for the imposition of an appropriate sentence. (Exs. A, B; *Anderson v. State*, 267 So.2d 8 (Fla. 1972.)) Petitioner was re-sentenced to life imprisonment on September 25, 1972. (Ex. B.) The case then returned to the Florida Supreme Court for the remaining points on appeal, which were affirmed *per curiam*. *Id.; House v. State,* 273 So. 2d 756 (Fla. 1973.) Petitioner appealed to the First District Court of Appeal, which *per curiam* affirmed the judgment of the lower court. (Ex. C; *House v. State*, 280 So.2d 507 (Fla 1st DCA 1973.))

Petitioner filed a motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure on December 31, 1986. (Ex. E at 1-12.) The motion was denied after an evidentiary hearing. (Ex. E at 27.) Petitioner appealed the denial, and the First DCA *per curiam* affirmed on June 9, 1988. (Ex. G.) The mandate issued on June 27, 1988. (Ex. H.)

The AEDPA was enacted on April 24, 1996. After the AEDPA was enacted, the one-year limitation period ran for a full year until it expired on April 24, 1997.

The record reflects that in 2011, after the one-year limitation period had long since expired, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure. The motion was denied and per

*curiam* affirmed after Petitioner appealed. (Exs. J, L; *House v. State*, 100 So.3d 681 (Fla. 1st DCA 2012.)) This motion did not act as a tolling motion because the one-year limitation period already had expired.

Petitioner's federal habeas petition was provided to prison officials for mailing on May 14, 2013. (Doc. 1.) His amended petition was provided for mailing on June 14, 2013. (Doc. 4.) Thus, each of these petitions was filed more than *sixteen years after* the limitation period expired.

Accordingly, because Petitioner did not file the instant habeas petition until more than sixteen years after the limitations period already had expired, his petition is due to be dismissed as time-barred unless he can demonstrate entitlement to equitable tolling or some other exception to AEDPA's one-year limitation period.

## Petitioner is Not Entitled to Equitable Tolling

Respondent contends that Petitioner is not entitled to equitable tolling. "Equitable toling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v.*

*DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no showing that he is entitled to equitable tolling in his amended petition. He has alleged no facts suggesting that the sixteen year delay was the result of extraordinary circumstances or that he has diligently pursued any relief. Accordingly, Petitioner is not entitled to equitable tolling.

**The "Actual Innocence" Exception to the Limitations Period Does Not Apply**

In paragraph 18 of the amended petition, Petitioner contends that "[i]t is obvious that a manifest injustice has occurred." (Doc. 4, page 13.) Although Petitioner goes on to state that "[t]he defendant was not allowed to present mitigating evidence which may have resulted in a sentence other than life," it appears that with the invocation of the words "manifest injustice," Petitioner is trying to make a claim of actual innocence in his amended petition.

Recently, in *McQuiggin v Perkins*, __ U.S. __, __ S.Ct. __, 2013 WL 2300806, Slip. Op. 12-126 (May 28, 2013) the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, . . . expiration of the statute of limitations. *Id.* at *3. To satisfy the "actual innocence" exception to the AEDPA's one-year time limit, a petitioner is required (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that "no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Thus, even under *McQuiggin* a petitioner is still required to come forward with new reliable evidence of innocence that was not presented at trial in order to pass through the "actual innocence" gateway to obtain federal habeas review.

In the instant case, Petitioner alleges no facts that would give rise to the actual innocence exception. Petitioner presents only one ground for relief in the amended § 2254 petition. He contests the fact that he was not present for his re-sentencing. There is no assertion or mention of newly discovered evidence. Therefore, the absence of any new reliable evidence is fatal to Petitioner's claim of entitlement to avail himself of the actual innocence gateway to avoid the one-year federal limitations bar. *Rozzelle*, 672 F.3d at 1011; *see also Bruno v. Tucker* 2012 WL 5307931, *6 (N.D. Fla. 2012) (unpublished).

## **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. Respondent's Motion To Dismiss Petition For Writ of Habeas Corpus as Untimely, Doc. 8, should be **GRANTED** and the amended petition for writ of habeas corpus, Doc. 4, should be **DISMISSED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS,** at Gainesville, Florida, this 5th day of February 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**